**Rita T. LECH, Plaintiff–Appellant,**

v.

**ST. LUKE'S SAMARITAN HOSPITAL, Alfred Tector, M.D., and Patients Compensation Fund, Defendants–Appellees.**

No. 90–1970.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 18, 1990.

Decided Jan. 7, 1991.

Rehearing Denied Feb. 11, 1990.

Margaret T. Kinnally, Park Ridge, Ill., for plaintiff-appellant.

Peter F. Mullaney, Mary K. Wolverton, Peterson, Johnson & Murray, Milwaukee, Wis., for defendants-appellees.

Before BAUER, Chief Judge, and CUMMINGS and FLAUM, Circuit Judges.

CUMMINGS, Circuit Judge.

Rita T. Lech brought this medical malpractice action based on diversity jurisdiction, alleging that she received negligent care and treatment following open heart surgery at St. Luke's Samaritan Hospital in Milwaukee, Wisconsin. She named as defendants the Hospital, her physician, Dr. Alfred Tector, and the Patients Compensation Fund. The district court granted summary judgment in favor of the defendants. It reasoned that Mrs. Lech had no case under Wisconsin law, because an expert was required to establish the appropriate standard of care, and Mrs. Lech was barred from having one. Mrs. Lech moved the district court under Fed.R.Civ.P. 60(b)(1) to reconsider its judgment on grounds of mistake. The district court denied the motion, and Mrs. Lech appealed. We affirm.

On May 12, 1987, Mrs. Lech, an Illinois resident, filed a complaint in the Eastern District of Wisconsin against the defendants, Wisconsin residents, alleging medical malpractice. The basis for jurisdiction was diversity of citizenship. *See* 28 U.S.C. § 1332.

---

On February 23, 1989, the defendants moved to compel Mrs. Lech to name her expert witnesses or, in the alternative, to dismiss the complaint. Mrs. Lech failed to respond to the motion. By order entered on April 3, 1989, the district court gave Mrs. Lech until May 31, 1989, to name her experts and to provide a summary of each expert's testimony. Mrs. Lech failed to name experts by that date.

On June 7, 1989, the defendants renewed their motion to compel or to dismiss. At approximately the same time, Mrs. Lech requested an extension of time for naming experts. The district court granted Mrs. Lech's request in a marginal order. It gave her until June 21, 1989, to name her experts. When Mrs. Lech failed to name her experts by that date, the defendants moved, for a third time, to compel or to dismiss in a letter addressed to the district court. In mid-July 1989, Mrs. Lech finally identified two experts: James E. Jupa, M.D. (one of her treating physicians at St. Luke's) and Sharon Bauer, R.N. (a registered nurse at St. Joseph's Hospital in Chicago and the sister of her attorney).

On November 3, 1989, the defendants moved to compel the depositions of Mrs. Lech's experts or, in the alternative, to dismiss the complaint. The defendants filed this motion after Mrs. Lech repeatedly failed to produce either the two experts or a summary of Dr. Jupa's report. Shortly after the filing of the motion, Mrs. Lech produced Nurse Bauer for deposition.

By order entered on December 21, 1989, the district court granted the motion to compel. It gave Mrs. Lech until January 15, 1990, to produce Dr. Jupa for deposition, and warned her that if she did not comply with this order, "Dr. Jupa will not testify at the trial." When Mrs. Lech failed to produce Dr. Jupa as ordered, the defendants moved for summary judgment.

On January 29, 1990, the district court held a conference call, during which it informed counsel for the parties that it would take one of three courses of action: grant the summary judgment motion; enter a stipulated order for a voluntary dismissal on the merits; or, upon a showing of an extraordinary reason, grant a new trial date, but not without substantial costs imposed against Mrs. Lech. The district court gave Mrs. Lech three days to talk things over with her lawyer and to decide what to do.

On February 1, 1990, Mrs. Lech informed a law clerk to the district court of her refusal to voluntarily dismiss the case and of her desire for a new trial date. She also requested sixty days in which to respond to the defendants' summary judgment motion. The law clerk advised Mrs. Lech to wait for the district court's written decision before filing a response.

By order entered on February 5, 1990, the district court found that Mrs. Lech was in noncompliance with its December 21, 1989, order by failing to produce Dr. Jupa for deposition, and that as a result, Dr. Jupa was not allowed to testify at the trial. Because Mrs. Lech had no case without Dr. Jupa's testimony, the district court granted summary judgment for the defendants.

On February 22, 1990, Mrs. Lech moved for reconsideration. The district court denied the motion in an order dated March 29, 1990. Mrs. Lech noted an appeal on April 27, 1990.

By order dated June 4, 1990, this Court ruled that it had jurisdiction over the March 29, 1990 denial of the motion for reconsideration, the notice of appeal having been filed within the thirty-day period provided by Fed.R.App.P. 4. However, it had no jurisdiction over the February 5, 1990 grant of summary judgment. As to that order, the notice of appeal was two months too late, and the motion for reconsideration did not toll the time.

On appeal Mrs. Lech argues that her motion for reconsideration was a proper Rule 60(b) motion, the denial of which constituted an abuse of discretion for two reasons. First, the district court failed to give her an opportunity to respond to the defendants' motion for summary judgment. Second, it misconstrued her Rule 60(b) motion as a request for more time to obtain an expert, rather than as a statement of "her belief that sufficient admissible evidence [including 'certain learned treatises'] al-

**716**

ready exists which will permit her to prove her case."

The defendants concede that Rule 60(b) applies, but dispute that its denial was erroneous. They counter that Mrs. Lech's "long history of foot-dragging" in obtaining an expert justified the entry of summary judgment without a response from Mrs. Lech. Even if Mrs. Lech had responded, the result would be the same, for she "forfeited" her chance to present expert testimony when she flouted the December 21, 1989 order. They also counter that Mrs. Lech failed to cite case law to support her position that, in the absence of expert testimony, she could prove her case with medical books.

This Court, in *Del Carmen v. Emerson Electric Co.*, 908 F.2d 158 (7th Cir.1990), set forth the proper standard for appellate review of the denial of a Rule 60(b) motion:

> Our review of the district court's denial of the motion is a limited one. 'Relief from Judgment under Rule 60(b) may be granted at the broad discretion of the trial judge, *Lomas and Nettleton v. Wisely*, 884 F.2d 965, 967 (7th Cir.1989), and the court's determination may only be reversed upon an abuse of that discretion. *Williams v. Hatcher*, 890 F.2d 993 (7th Cir.1989).' *Reinsurance Co. of America v. Administratia Asigurarilor de Stat*, 902 F.2d 1275, 1277 (7th Cir. 1990). '[A]buse of discretion in denying a 60(b) motion is established only when no reasonable person could agree with the district court; there is no abuse of discretion if a reasonable person could disagree as to the propriety of the court's action.' *Reinsurance Co.*, 902 F.2d at 1277 (quoting *McKnight v. United States [Steel Corporation]*, 726 F.2d 333, 335 (7th Cir.1984)). This court has also noted that relief from judgment under Rule 60(b) is 'warranted only upon a showing of extraordinary circumstances that create a substantial danger that the underlying judgment was unjust.' *3 Penny Theater Corp. v. Plitt Theatres, Inc.*, 812 F.2d 337, 340 (7th Cir.1987)

(quoting *Margoles v. Johns*, 798 F.2d 1069, 1073 (7th Cir.1986)). *Id.* at 161.

The record shows that the district court acted within its discretion when it denied Mrs. Lech's Rule 60(b) motion. On three separate occasions the district court ordered Mrs. Lech to identify or produce her expert witnesses for trial. It entered these orders on the basis of Wisconsin law, which requires expert testimony to establish the standard of care for a physician in a medical malpractice case. *See Albert v. Waelti*, 133 Wis.2d 142, 145, 394 N.W.2d 752, 754 (1986) (citing *Christianson v. Downs*, 90 Wis.2d 332, 338, 279 N.W.2d 918, 921 (1979)). On each occasion Mrs. Lech failed to comply with the order. On the third occasion, the district court warned Mrs. Lech to produce her expert, or else risk the loss of his testimony. Mrs. Lech did not heed this warning when the last deadline came and went. So the district court barred her only suitable expert, and she was left without a case. Mrs. Lech cannot now complain that the district court was hasty in entering judgment when it did. She has herself to blame.

Mrs. Lech argues that she was given no chance to oppose the defendants' motion for summary judgment, and that she had a "meritorious defense" to that motion. The first part of her argument is true—the district court, for some unknown reason, ruled without obtaining her response, despite the fact that Local Rule 6.01 gave her fourteen days to respond. But it does not change the outcome of this case. Response or no response, the fact remains that Wisconsin case law requires Mrs. Lech to prove her case through an expert, and she was unable to come up with one. The second part of her argument fares no better. Mrs. Lech had the opportunity, in her motion for reconsideration, to show the district court that she had a "meritorious defense." Yet nowhere does such a defense appear. Instead Mrs. Lech merely listed the evidence that she hoped to present at trial. This list falls short of creating the kind of disputed factual issue necessary to overcome a motion for summary judgment.

Mrs. Lech next argues that the district court misunderstood her position, which was that she had enough evidence without Dr. Jupa's testimony to get to the jury. Her argument misses the mark. *Albert* requires Dr. Jupa's testimony as part of Mrs. Lech's case-in-chief. That Mrs. Lech proposed to use "certain learned treatises" in place of Dr. Jupa is of no moment, particularly in the absence of case law supporting her proposition. The sole case on which she relied, *Halldin v. Peterson*, 39 Wis.2d 668, 159 N.W.2d 738 (1968), is distinguishable, in that its discussion of medical books concerned their admissibility as substantive evidence, and not as part of a plaintiff's burden of proof.

The denial of the motion for reconsideration is therefore

AFFIRMED.