943 F.2d 54
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Harry L. WILLIAMS, Plaintiff/Appellant,
v.
James E. AIKEN, Individually and in his official capacity as
Commissioner, Indiana Department of Corrections, John L.
Nunn, Individually and in his official capacity of Adult
Authority, Indiana Department of Corrections, Edward L.
Cohn, Individually and in his official capacity of
Superintendent, Indiana State Reformatory and Howard L.
Wiles, individually and in his official capacity of
Assistant Superintendent of Operations Indiana State
Reformatory, Defendants/Appellees.
 No. 89-2924.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 20, 1991.*
Decided Aug. 27, 1991.
 
 Before CUMMINGS, POSNER and MANION, Circuit Judges.
 
 ORDER
 
 1
 Pro Se plaintiff Harry L. Williams brought suit under 42 U.S.C. § 1983 against several Indiana Department of Corrections' employees. On June 8, 1989, the district court dismissed Williams' case as frivolous pursuant to 28 U.S.C. § 1915(d). Williams did not take an appeal from this judgment. Nor did he file a timely motion to alter or amend the judgment. See Fed.R.Civ.P. 59(e). Instead, on June 29, 1989, Williams filed a "Motion to Vacate Judgment," which the district court construed as a motion for relief under Federal Rule of Civil Procedure 60(b) and denied on July 19, 1989. Williams filed a notice of appeal on August 11, 1989, stating that he was appealing from the district court's June 19 order refusing to vacate judgment.[1]
 
 
 2
 In this case we have jurisdiction to review the disposition of Williams' "Motion to Vacate" since he filed a timely notice of appeal therefrom. Lech v. St. Luke's Samaritan Hospital, 921 F.2d 714, 715 (7th Cir.1991). However, we have no jurisdiction over the June 8, 1989 dismissal of Williams' civil rights suit because Williams filed the notice of appeal too late, and the "Motion to Vacate" did not toll the time. See Cange v. Stotler and Co., 913 F.2d 1204, 1211 (7th Cir.1990) ("[o]nly a timely motion suspends the time for filing a notice of appeal").
 
 
 3
 A motion to vacate judgment under Rule 60(b) remains in the sound discretion of the trial court. We review the district court's denial of a Rule 60(b) motion only for an abuse of that discretion. Lech, 921 F.2d at 716 (quoting Del Carmen v. Emerson, 908 F.2d 158, 161 (7th Cir.1990)); Williams v. Hatcher, 890 F.2d 993, 995 (7th Cir.1989). A party may not use Rule 60(b) to obtain relief from errors of law in the district court's final judgment. Parke-Chapley Const. Co. v. Cherrington, 865 F.2d 907, 915 (7th Cir.1989); McKnight v. United States Steel Corp., 726 F.2d 333, 338 (7th Cir.1984). "The appropriate way to seek review of alleged legal errors is by timely appeal; a 60(b) motion is not a substitute for appeal or a means to enlarge indirectly the time for appeal." Id. at 338. Moreover, an appeal from the denial of a Rule 60(b) motion does not trigger appellate review of the merits of the underlying judgment. Lee v. Village of River Forest, No. 90-1456, slip op. at 5 (7th Cir. July 12, 1991). Thus, all that is before this court is the district court's refusal to vacate its judgment.
 
 
 4
 On appeal, Williams argues that his civil rights complaint stated an eighth amendment claim and that the district court erroneously dismissed his case as frivolous. Williams presents no arguments that the district court abused its discretion in refusing to vacate the judgment other than alleged errors of law made by the district court in the June 8 order dismissing his appeal. Such errors are not grounds for relief under Rule 60(b) and Williams' failure to timely appeal the June 8 judgment leaves this court without jurisdiction to review alleged legal errors in that order. Even when construing the record liberally, Williams presents no grounds, as set forth in Rule 60(b), see Vukadinovich v. McCarthy, 901 F.2d 1439, 1445 (7th Cir.1990), for finding that the district court abused its discretion in failing to vacate the judgment dismissing his case. Likewise, Williams' "Motion to Vacate" asserted no grounds upon which Rule 60(b) relief might be granted. Thus, the district court did not abuse its discretion in denying Williams relief.[2] The district court's order is
 
 
 5
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 Williams has also filed a motion for appointment of counsel. Given our disposition in this case and considering the factors set forth in Maclin v. Freake, 650 F.2d 885, 888-89 (7th Cir.1981), appointment of counsel is not warranted in this appeal
 
 
 [2]
 To the extent that Williams argues that the district court erred in refusing to allow him to amend his complaint, we note that a post-judgment amendment may be had only with "leave of court" and after a successful Rule 59(e) or Rule 60(b) motion. Twohy v. First Nat'l Bank, 758 F.2d 1185, 1196. See also First Nat'l Bank of Louisville v. Continental Ill. Nat'l Bank and Trust Co. of Chicago, No. 90-2494, slip op. at 4 (7th Cir. May 20, 1991) ("presumption in favor of liberality in granting motions to amend, Fed.R.Civ.P. 15(a), is reversed after judgment had been entered")