991 F.2d 800
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Joseph E.L. SULLIVAN, Plaintiff-Appellant,
v.
UNITED STATES OF AMERICA, Defendant-Appellee.
 No. 92-2262.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 14, 1993.*
Decided April 22, 1993.
 
 Before CUMMINGS, CUDAHY and MANION, Circuit Judges.
 
 ORDER
 
 1
 Joseph Sullivan, an inmate at the federal penitentiary in Marion, Illinois, brought this action under the Federal Tort Claims Act, 28 U.S.C. §§ 2671 et seq., seeking damages for an assault and battery against him by several correctional officers and for the prison's negligent failure to provide him with reasonable medical care for his resulting injuries. The district court gave judgment for the government, and this appeal followed.
 
 
 2
 Sullivan first contends there was insufficient evidence to support the district court's conclusion, following a bench trial, that the prison guards did not assault and batter him. Sullivan, however, failed to submit a copy of the transcript from the trial, as was his duty under Fed.R.App.P. 10(b). In the absence of a transcript, it is impossible to review the rulings of the district court on the assault and battery claim. Fisher v. Krajewski, 873 F.2d 1057, 1060 (7th Cir.1989), cert. denied, 493 U.S. 1020 (1990); see also Rodriguez v. Anderson, 973 F.2d 550, 552 (7th Cir.1992). We thus cannot say that its judgment was erroneous.
 
 
 3
 Sullivan next contends the district court abused its discretion in admitting into evidence the July 21, 1989 clarification memorandum from the Institution Disciplinary Committee. This contention is undercut by the exhibit list from the bench trial which indicates that the memorandum was not a government exhibit nor was it admitted as evidence.
 
 
 4
 Sullivan also contends the district court improperly granted summary judgment on his negligent medical care claim because he did not have an expert witness. Sullivan does not dispute that Illinois law controls. 28 U.S.C. § 1346(b); United States v. Muniz, 374 U.S. 150, 153 (1963). To prove a claim of negligent medical care, the plaintiff must produce evidence of the applicable standard of care, the defendant's deviation from that standard, and the resulting injury. Addison v. Whittenberg, 529 N.E.2d 552, 556 (Ill.1988). Because jurors are unskilled in the practice of medicine, the plaintiff must present expert testimony to establish those elements. Id. Compare Lech v. St. Luke's Samaritan Hospital, 921 F.2d 714 (7th Cir.1991) (applying Wisconsin law). Here, Sullivan made clear his intention not to present any expert testimony at trial, and therefore summary judgment was warranted.
 
 
 5
 Sullivan finally contends the district court abused its discretion in denying his motions for appointment of counsel because he had no trial experience and was tripped up by legal technicalities. We conclude there was no abuse of discretion in the district court's application of the five-factor standard for the appointment of counsel outlined in Maclin v. Freake, 650 F.2d 885 (7th Cir.1981). See also Jackson v. County of McLean, 953 F.2d 1070, 1072-73 (7th Cir.1992).
 
 
 6
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Sulivan has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record