996 F.2d 1220
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Stephen WARD, Plaintiff-Appellant,
v.
Howard PETERS, Michael P. Lane, Louis O. Lowery, et al.,
Defendants-Appellees.
 No. 92-2161.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 9, 1993.*
Decided June 16, 1993.
 
 Before BAUER, Chief Judge, and FLAUM and KANNE, Circuit Judges.
 
 ORDER
 
 1
 The district court allowed Stephen Ward, an inmate at the Pontiac Correctional Center, to proceed to trial on his civil rights claim that prison officials failed to give Ward notice of a disciplinary hearing on charges stemming from a rules infraction; in earlier orders the district court disposed of all other claims that Ward raised. The district court granted a directed verdict in favor of the defendants and entered judgment against Ward.
 
 
 2
 We cannot say that the district court's decision to grant a directed verdict was erroneous. Ward failed to submit a copy of the transcript from the trial, as was his responsibility under Rule 10(b) of the Federal Rules of Appellate Procedure. In the absence of a transcript, it is impossible to review the rulings of the district court in this matter. Fisher v. Krajewski, 873 F.2d 1057, 1060 (7th Cir.1989), cert. denied, 493 U.S. 1020 (1990); see also Rodriguez v. Anderson, 973 F.2d 550, 552 (7th Cir.1992).
 
 
 3
 Ward also argues, in a somewhat disjointed fashion, that the district court wrongly denied his motion for appointment of counsel because he was "a layman in civil law." The decision to appoint counsel is within the discretion of the district court and will not be overturned absent some "fundamental unfairness." Jenkins v. Lane, 977 F.2d 266, 270 (7th Cir.1992); see also Farmer v. Haas, No. 91-2484, slip op. at 7 (7th Cir. April 2, 1993). We conclude that there was no abuse of discretion in the district court's application of the five-factor standard outlined in Maclin v. Freake, 650 F.2d 885 (7th Cir.1981). See also Jackson v. County of McLean, 953 F.2d 1070, 1072-73 (7th Cir.1992).
 
 
 4
 To the extent Ward takes issue with any other ruling of the district court, he does so in too cursory a fashion and thereby has waived any argument. See McCottrell v. EEOC, 726 F.2d 350, 351 (7th Cir.1984).
 
 
 5
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need for Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record alone pursuant to Rule 34(f)