21 F.3d 430
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Percy CLAYBOURN, Plaintiff-Appellant,
v.
John SUMMERVILLE, et al., Defendants-Appellees.
 No. 92-1056.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 29, 1994.[1]
Decided March 30, 1994.
 
 Before POSNER, Chief Judge, and FLAUM and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Percy Claybourn, appearing pro se, appeals from the judgment on a jury verdict in favor of defendants in this civil rights action. 42 U.S.C. Sec. 1983. The complaint alleged that three Chicago police officers arrested Claybourn for possession of marijuana without probable cause.
 
 
 2
 The officers went to Claybourn's apartment as part of an investigation of armed robbery and aggravated criminal sexual assault[2] (for which Claybourn was later tried and convicted); however, after locating Claybourn at his apartment, the officers arrested him only for possession of marijuana (for which he was never tried).
 
 
 3
 On November 15, 1991, the district court judgment in favor of defendants was docketed. On November 25, 1991, the district court denied a motion for a new trial filed by plaintiff's counsel. On December 20, 1991, a timely notice of appeal was filed.[3]
 
 
 4
 An appellant is required to file the parts of the transcript relevant to the issues raised on appeal. Fed.R.App.P. 10(b); Rodriguez v. Anderson, 973 F.2d 550 (7th Cir.1992); Fisher v. Krajewski, 873 F.2d 1057 (7th Cir.1989). This court twice denied Claybourn's requests that we enter an order stating that he should receive the transcripts at no cost; we directed him to seek relief in the district court pursuant to 28 U.S.C. Sec. 753(f), which Claybourn has apparently not done. In his reply brief, Claybourn gives no excuse for not having sought relief under Sec. 753(f). Instead, he simply says that the court should be able to decide from what it has before it,[4] and that any procedural failures he has made "could have been corrected had counsel been appointed [to] assist in this appeal."
 
 
 5
 It would be impossible to review the sufficiency of evidence with only pre-trial depositions and a few exhibits which defendants have filed with this court. We review a jury verdict to determine if there is a reasonable basis in the record for the verdict. Carmel v. Clapp & Eisenberg, P.C., 950 F.2d 698, 703 (7th Cir.1992). Absent a transcript of the trial, we cannot say whether the jury could reasonably find that defendants had probable cause to arrest Claybourn for any crime at all. The parties do not agree on the evidence presented to the jury, and we cannot guess. Cf. Wilson v. Electro Marine Systems, Inc., 915 F.2d 1110, 1117 (7th Cir.1990) (briefs are mostly in agreement as to facts). For example, defendants apparently testified that when Claybourn answered the door to his apartment, he admitted that the small envelope he held contained marijuana. Yet in a 1990 district court Memorandum and Order granting defendants' motions for summary judgment in part and denying them in part, the district court reports that Claybourn "denies having seen any marijuana that night." Claybourn v. Summerville, No. 88 C 8740 (N.D.Ill. Dec. 18, 1990), 1990 U.S.Dist. Lexis 17240. The district court also noted in that Memorandum and Order that genuine issues of material fact existed as to whether probable cause existed to arrest Claybourn for possession of marijuana, and noted that it was "indeed questionable" whether defendants had probable cause to arrest Claybourn for armed robbery and rape. Given the highly disputed factual nature of the issues raised on appeal, we cannot adequately review them without a trial transcript, which Claybourn has refused to provide.
 
 
 6
 Accordingly, the appeal is DISMISSED.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [2]
 The two victims reported that their assailant left in a car bearing license plates which proved to be registered to Claybourn. It was for this reason that the officers went to Claybourn's apartment to interview him
 
 
 [3]
 The notice of appeal refers to the "final judgment" of November 25, 1991, we recognize that the appeal from the denial of a motion for a new trial encompasses the final judgment entered following trial. Foman v. Davis, 371 U.S. 178 (1962)
 
 
 [4]
 The brief states: "[A]s a pro se appellant the court should look to the transcripts for the information needed to render a just decision."