NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued June 3, 2021
Decided June 21, 2021

**Before**

DANIEL A. MANION, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 20-2572

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:18-cr-00326-JPH-DML |
| CHARLES DEVIN WECHSLER, *Defendant-Appellant*. | James Patrick Hanlon, *Judge*. |

**O R D E R**

Charles Wechsler appeals his sentence of 87 months' imprisonment for five counts of receiving child pornography. *See* 18 U.S.C. § 2252(a)(2). He argues that because the district court failed to assess adequately the factors under 18 U.S.C. § 3553(a), it imposed a sentence that is unreasonably long. Before filing his briefs, Wechsler never ordered the transcript of his sentencing hearing. *See* FED. R. APP. P. 10(b). Rather than delay the decision in this case to receive that transcript, and because Wechsler does not contest the accuracy or completeness of the government's excerpts from the sentencing transcript, we accept the government's excerpts as correct. And

because those excerpts reflect that the district court meaningfully considered Wechsler's individual characteristics and arguments in mitigation, we affirm the judgment.

The Indianapolis Metropolitan Police Department's Cybercrime Unit raided the home of a producer of child pornography in 2017. The Unit determined that Charles Wechsler had, over the course of five days, received several videos portraying sexual abuse of children as young as three years old. After Wechsler, who has a young child, was arrested, he admitted to meeting the pornographer and to requesting and receiving the videos on his cellphone.

Wechsler pleaded guilty to five counts of receiving child pornography, an offense that carries a statutory range of 5 to 20 years' imprisonment per count. *See* 18 U.S.C. § 2252(a)(2), (b)(1). He apologized for his "despicable" behavior, and, citing his lack of criminal history, post-arrest conduct, and efforts at rehabilitation, he sought the statutory minimum of 60 months, a "significant downward variance from the guidelines range as calculated in the presentence investigation report." He also submitted a "psychosexual evaluation" by a private therapist who concluded that Wechsler had a "Low Risk to reoffend sexually." The government objected to the evaluation. Arguing that it relied on "inappropriate testing measures and minimized self-reported information by the Defendant," the government asked the court to give the evaluation little weight. The court agreed with the government. It concluded that the diagnostic tool used to assess Wechsler's risk to reoffend "was not validated on offenders convicted of child pornography offenses" and was entitled to "very little weight." But, the court continued, the therapist's opinion that Wechsler was a low risk was entitled to "some weight," given the length of the therapeutic relationship.

Afterward, the court accepted Wechsler's plea and adopted the recommendations of the presentence investigation report. It assigned Wechsler a base offense level of 22, U.S.S.G. § 2G2.2(a)(2), and applied a six-level enhancement because the conduct involved abuse of pre-pubescent children, *id.* §§ 2G2.2(b)(2), (4), plus six more levels because of the length of the videos and the use of a computer service to transmit them, *id.* §§ 2G2.2(b)(6), (7)(d). Wechsler received a five-level offense reduction because he merely received pornography and because he accepted responsibility for his conduct. *Id.* §§ 2G2.2(b)(1), 3E1.1(a), (b). His total offense level was therefore 29. With a criminal history category of I, Wechsler's guidelines range was 87 to 108 months' imprisonment and five years to life of supervised release. *See* U.S.S.G. Sent'g. Table.

After the court heard from three character witnesses and Wechsler's therapist, it sentenced him to 87 months' imprisonment and 10 years' supervised release per count, to be served concurrently. The court acknowledged that Wechsler committed the offenses "over a very narrow amount of time," and he seemed to "appreciate the seriousness" of his conduct. But that was only "one factor" in the 18 U.S.C. § 3553(a) analysis. The court also was concerned about Wechsler's "enjoyment of viewing what of course are very perverse and disturbing images," and his requests for more. It added that "the horrific and unimaginable lifelong consequences [for] the victims" made the offense "extremely serious" despite its short duration of five days. Therefore, the court weighed heavily the need to "protect the public" by imposing a sentence within (though at the bottom of) the guidelines range.

On appeal, Wechsler challenges only the length of his prison sentence. He argues that 87 months' imprisonment is unreasonable in light of the sentencing factors under 18 U.S.C. § 3553(a). And he reprises arguments made in district court: that he had no criminal history, his receipt of child pornography was brief, and he complied with the conditions of pretrial home detention and sought therapy for sexual addiction. Also, according to Wechsler, the within-guidelines sentence will interrupt his therapy and harm his relationship with his young child. Finally, Wechsler contests the limited weight that the district court assigned his therapist's recidivism risk assessment, which, he argues, also justified a below-guidelines sentence.

In challenging the court's § 3553(a) analysis, Wechsler's burden on appeal is high. We review sentencing decisions for abuse of discretion. *See United States v. Morgan*, 987 F.3d 627, 632 (7th Cir. 2021). And we presume that a within-guidelines sentence, as here, is reasonable. *See United States v. McDonald*, 981 F.3d 579, 581 (7th Cir. 2020) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). In seeking to rebut that presumption, Wechsler's counsel submitted briefs without having discussed in those briefs the transcript of the sentencing hearing. *See* FED. R. APP. P. 10(b). This is not an effective strategy; an appeal argued without the relevant transcript may be dismissed if the argument would force this court to "render a judicial decision founded on speculation." *Rodriguez v. Anderson*, 973 F.2d 550, 552 (7th Cir. 1992). We ordered Wechsler's counsel to submit the transcript, but as we said at the outset, rather than delay the disposition of this appeal to await the transcript, we can move forward now because Wechlser has not challenged the accuracy of the government's excerpts from that transcript. That makes meaningful review possible. *See United States v. De Horta Garcia*, 519 F.3d 658, 660 (7th Cir. 2008). We therefore exercise our discretion to rule on the merits. *See id.*

The sentencing decision was reasonable. To begin, Wechsler accepts as correct the district court's calculation of the statutory and guidelines ranges for his offenses. Nothing in the court's analysis (as excerpted in the government's brief) suggests that it balanced the § 3553(a) factors impermissibly. The court adequately "considered the argument" that it should give more weight to his therapist's assessment of his risk of recidivism. *United States v. Stephens*, 986 F.3d 1004, 1010 (7th Cir. 2021) (citation omitted). But it reasonably ruled that, because the assessment was based on a tool that had not been validated for recipients of child pornography, it deserved less weight than Wechsler's voluntary participation in therapy and desire to reform. The court also considered Wechsler's arguments that he engaged in criminal activity for only five days, had no criminal past, and was trying to reform himself. But in weighing the other relevant factors—the horrific, lifelong effects on the vulnerable child victims and the need to protect the public from similar crimes—the court reasonably ruled that a sentence at the bottom of the guidelines range was needed. 18 U.S.C. §§ 3553(a)(2)(A), (C).

Wechsler reargues other details about his characteristics, citing his relationship with his therapist and his son, and concludes that the district court "should have [weighed the] § 3553(a)(2) factors and the mitigating factors" differently. But we do not reweigh the § 3553(a) factors (even with a transcript) where, as here, the court meaningfully considered the mitigating arguments and adequately explained its sentencing rationale. *See United States v. De La Torre*, 940 F.3d 938, 954 (7th Cir. 2019); *see also United States v. Porraz*, 943 F.3d 1099, 1104 (7th Cir. 2019) ("we do not substitute our judgment for that of a district judge" at sentencing).

AFFIRMED